IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JUAN MOLINA,                          §
                                      §
        Plaintiff,                    §
                                      §
vs.                                   §        C.A. NO. C-05-327
                                      §
EQUISTAR CHEMICALS, LP,               §
                                      §
        Defendants.                   §

ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

On this day came on to be considered Plaintiff Juan Molina's "Motion for a New Trial." (D.E. 30.) For the reasons discussed below, Plaintiff's motion is DENIED.

I.   JURISDICTION

The Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

II.  BACKGROUND

Plaintiff Juan Molina ("Plaintiff") filed suit on July 8, 2005, pursuant to Title VII of the Civil Right Act of 1964, as amended, and Chapter 21 of the Texas Labor Code, alleging discrimination on the basis of national origin and retaliation for reporting discrimination against his former employer, Defendant Equistar Chemicals, L.P. ("Defendant"). (See D.E. 1.) In particular, Plaintiff claimed that he and fellow Hispanic coworkers were treated less favorably than similarly-situated Anglo workers. He further claimed that Defendant wrongfully terminated him after

he complained about the disparate treatment to his supervisor. Plaintiff sought reinstatement, lost wages and benefits, and compensatory damages.

On April 14, 2006, Defendant filed a Motion for Summary Judgment (D.E. 13) on Plaintiff's claims, and on May 4, 2006, Plaintiff filed a response to that motion (D.E. 14). Subsequently, on May 18, 2006, this Court struck Defendant's summary judgment motion for failure to comply with Local Rule 10.2 and this Court's General Order (D.E. 11), because the courtesy copy of the motion contained two-sided exhibits (D.E. 15). On June 15, 2006, this Court granted Defendant leave to refile its Motion for Summary Judgment (D.E. 23), which it did on June 20, 2006 (D.E. 24). On June 30, this Court granted Defendant's motion for summary judgment, concluding that Plaintiff had failed to raise a genuine issue of fact on certain essential elements of his Title VII and state law claims. (D.E. 28.) On July 17, 2006, Plaintiff filed a "Motion for New Trial" (D.E. 30), asking the Court to reconsider its earlier Summary Judgment Order and accompanying Final Judgment. On July 28, 2006, Defendant filed a response in opposition to Plaintiff's motion. (D.E. 32.)

III. **DISCUSSION**

"A motion to reconsider which challenges a prior judgment on the merits will be treated as a Federal Rule of Civil Procedure 59(e) motion if it is served within ten days after entry of the

-2-

judgment." Fletcher v. Apfel, 210 F.3d 510, 511-12 (5th Cir. 2000) (citing Trust Co. Bank v. United States Gypsum Co., 950 F.2d 1144, 1147 (5th Cir. 1992)).  A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the Court.  Fed. R. Civ. P. 59(e).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).  The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued").  Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).  The Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" that was not available before the judgment issued.  See Schiller v. Physicians Res. Group Inc., 342 F.3d 563, 567-68 (5th Cir. 2003) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003)).

Only "[u]nder *extraordinary circumstances*, [however,] may [a court] entertain a motion for reconsideration in the light of

-3-

evidence not in the summary judgment record." <u>ICEE Distrib., Inc.</u>
<u>v. J&J Snack Foods Corp.</u>, 445 F.3d 841, 847 (5th Cir. 2006)
(emphasis supplied).   In fact, a party's "unexcused failure to
present evidence available at the time of summary judgment provides
[the court] a valid basis for denying a subsequent motion for
reconsideration." <u>Id.</u> (citing <u>Templet</u>, 367 F.3d at 479).   The
Fifth Circuit has set forth several factors to consider when a
party seeks to upset a summary judgment by producing additional
evidence: "(1) the reasons for the moving party's default, (2) the
importance of the omitted evidence to the moving party's case, (3)
whether the evidence was available to the movant before the
nonmovant filed the summary judgment motion, and (4) the likelihood
that the nonmoving party will suffer unfair prejudice if the case
is reopened." <u>ICEE Distrib.</u>, 445 F.3d at 847 (internal citations
omitted).   These factors, however, "are simply illustrative and not
exhaustive." <u>Templet</u>, 367 F.3d at 482.   "Rule 59(e) motions
provide the district court with considerable discretion." <u>ICEE</u>
<u>Distrib.</u>, 445 F.3d at 848; <u>see also</u> <u>Fletcher</u>, 210 F.3d at 512.   A
court should never grant a Rule 59(e) motion to reconsider where
the new evidence (1) would not change the outcome of the case, (2)
could have been discovered earlier by proper diligence; and (3) is
merely cumulative or impeaching.   <u>See</u> <u>Infusion Res., Inc. v.</u>
<u>Minimed, Inc.</u>, 351 F.3d 688, 696-97 (5th Cir. 2003).

In this case, the Plaintiff has failed to present the Court

with any persuasive reason why it should reconsider its previous summary judgment order and final judgment. Plaintiff's arguments in favor of reconsideration boil down to essentially two: (1) that Plaintiff did not have a full and fair opportunity to respond to Defendant's motion for summary judgment because the Court ruled on the re-filed motion before Plaintiff's response time had elapsed; and (2) that Plaintiff now has newly discovered evidence critical to his case. (See Pl.'s Mot. New Trial at 3-7.)

Plaintiff's complaint that he did not have a full and fair opportunity to respond to the Defendant's motion for summary judgment is unpersuasive. Defendant initially filed its motion for summary judgment on April 14, 2006, the last day for the filing of dispositive motions under the Court's scheduling order. (D.E. 13.) On May 4, 2006, Plaintiff filed a response to Defendant's motion. (D.E. 14.) Plaintiff thus had available, and used, a full twenty days to marshal his evidence and respond to Defendant's motion for summary judgment. The fact that the Court later struck Defendant's motion for a technical defect is irrelevant. Defendant eventually corrected the technical defect and filed a motion for leave to re-file its summary judgment motion, which this Court granted. (See D.E. 19, 23.) The re-filed motion was identical in substance to the original motion that Defendant had filed on April 24, 2006. (Cf. D.E. 13, 25.) As noted above, Plaintiff had already filed a response to the original summary judgment motion and did not give

this Court any indication that he was unable to put his best case forward at that time.  Indeed, the discovery deadline set forth in the Court's scheduling order had already passed at the time Plaintiff filed his response, and Plaintiff's response made no mention of the need for additional evidence or discovery.  (See D.E. 9, 14.)  For example, Plaintiff now complains that he lacked certain documents and had not yet taken the depositions of Albert Hesseltine or Mike Peterson.  (Pl.'s Mot. New Trial at 3.) Plaintiff failed, however, to mention his need for this evidence when he submitted his May 4, 2006, response.  On the contrary, Plaintiff's response to the motion for summary judgment suggested that he had put his best case forward, stating that "Plaintiff has offered well-reasoned rebuttals to all [Defendant's] minor nitpicking, and has present [sic] ample summary judgment evidence to create a fact question . . . ."  (Pl.'s Resp. at 21.)  Plaintiff never moved this Court for a continuance or an extension of time so that he could conduct additional discovery.  In sum, this Court had every reason to assume that Plaintiff considered adequate his response to Defendant's motion for summary judgment.  Plaintiff is not entitled to cry foul just because Defendant's motion for summary judgment was stuck for a technical defect.  If Plaintiff was unable to present his best case in his original response to the motion for summary judgment, he should have notified the Court of that fact.

Plaintiff's contention that he has newly discovered evidence justifying reconsideration of the Court's Summary Judgment Order is similarly unpersuasive.  A party is not entitled to reconsideration under Rule 59(e) based on new evidence unless that party shows that the evidence could not have been discovered earlier in the exercise of due diligence.  <u>See</u>, <u>e.g.</u>, <u>Infusion Res.</u>, 351 F.3d at 696-97; <u>ICEE Distrib.</u>, 445 F.3d at 847.  Plaintiff has utterly failed to make that showing here.  Plaintiff complains that he was not able to obtain certain key documents and depositions because of (1) the illness of Defendant's counsel; (2) scheduling conflicts; and (3) Defendant's neglect and delay.  (<u>See</u> Pl.'s Mot. New Trial at 5-6.) By Plaintiff's counsel's own admission, however, she did not start inquiring regarding the allegedly-vital documents and depositions until *after* March 28, 2006.  (Pl.'s Mot. New Trial, Ex. 8 at ¶¶ 2-9.)  Plaintiff has not provided any explanation why he could not have pursued the needed discovery earlier in the course of the litigation.  Plaintiff was allowed to conduct discovery as soon as the parties conferred as required by Rule 26(f)[1], which the parties did on August 29, 2005.  (Rule 26(f) Report, D.E. 8, at ¶ 1.) Plaintiff thus had *over seven and a half months* to obtain needed discovery before the dispositive motion deadline in this case.  The fact that Plaintiff delayed seeking certain documents and

---

[1] Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

depositions until the end of March does not present a compelling reason for the Court to reopen the case and consider new evidence, especially where Plaintiff failed to notify the Court of the need for additional time.  Plaintiff has failed to meet his burden of showing a justifiable reason why the new depositions and documents were not available in the over seven months of discovery before the dispositive motions deadline.  See ICEE Distrib., 445 F.3d at 847. Because Plaintiff has not shown any "extraordinary circumstances" justifying reconsideration, see id., Plaintiff's Motion for a New Trial is DENIED.

IV.  **CONCLUSION**

For the reasons discussed above, the Court DENIES Plaintiff's Motion for a New Trial (D.E. 30).

SIGNED and ENTERED this 18th day of September, 2006.

_____
Janis Graham Jack
United States District Judge

-8-